IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Aurora Martinez,<br><br>　　　　　Defendant.<br>_____ | NO.　CR 12-02518-TUC-RCC(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT AURORA MARTINEZ'S MOTION TO SUPPRESS** |

　　　　On November 21, 2012, a Complaint [Doc. 1] and an Arrest Warrant [Doc. 2] were issued for Defendant Aurora Martinez on the charges of conspiracy to possess and possession with intent to distribute marijuana. On November 26, 2012, Defendant Aurora Martinez was arrested and she was indicted on December 19, 2012 [Doc. 16]. On January 2, 2013, Defendant filed a Motion to Suppress [Doc. 23]. The Government filed its Response [Doc. 31] on January 17, 2013, and the Defendant filed her Reply [Doc. 34] on January 21, 2013.

　　　　The matter came on for Evidentiary Hearing before the Court on February 1, 2013. The Government called as a witness Tohono O'Odham Police Department Detective Ray Elkdreamer. The defense called as a witness Defendant Aurora Martinez.

　　　　The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order **GRANTING** Defendant's Motion to Suppress [Doc. 23].

**FACTS**

On July 25, 2011, between 6:00 p.m. and 7:00 p.m., Tohono O'Odham law enforcement conducted a drug seizure on Highway 286. The driver of the load vehicle was Melissa Marquez.

During an interview, Ms. Marquez advised that she had obtained her load of marijuana from one residence, but that there was also marijuana at the home of Defendant Aurora Martinez. Ms. Marquez provided law enforcement with a map of the area depicting the Defendant's residence.

After Tohono O'Odham Detective Ray Elkdreamer and Detective Henry exchanged their unmarked car for a marked car, they drove to Topowa. This village has a number of residences, none of which are close to the Defendant's home. Once they located the Defendant's residence, both officers approached the house to investigate a "noise" complaint.

Detective Elkdreamer knocked on the door and identified himself as a police officer. Defendant Martinez was concerned about the safety of herself and child. She was twice asked if Detective Elkdreamer could search the house. Twice she told him she minded and would not let him enter. He finally told her, "This can go two ways: I stay here for a warrant or you tell me what is going on." The Defendant did not respond.

Detective Elkdreamer then asked, "Do I have permission to search?" She told him, "Well, go ahead," because she felt she had no other options. The marijuana Detective Elkdreamer found is the basis for the Indictment.

**DISCUSSION**

The law enforcement tactic of "knock and talk" is an effortless way of investigating possible criminal conduct. Its purpose is to circumvent traditional investigative techniques. To a great extent, the practice relies upon surprise to discover illegal activity and obtain consent to prove same.

A Search Warrant, absent exigent circumstances, must be executed between 6:00 a.m. and 10:00 p.m. A "knock and talk" on less than probable cause is more restrictive in the latitude given law enforcement to confront the citizenry of this fair nation. The

1  circumstances of this case have no basis upon which to justify the law enforcement conduct
2  in this case.
3      This Court finds the Defendant's testimony, together with her physical demeanor
4  during the hearing, about the manner in which the alleged consent was obtained is more
5  credible than the Government's version.  The conduct herein was coercive and overrode the
6  Defendant's will.
7      This case calls to mind Edgar Allen Poe's <u>The Raven</u>, as modified by Detective Ray
8  Elkdreamer:

> **"Once upon a midnight dreary ...**
> "Well, no, let's make it 2:45 a.m. in the middle of nowhere."
>
> **"While I nodded, nearly napping, suddenly there came a tapping ...**
> "Well, I was sound asleep and somebody was pounding on my front door."
>
> **"Tis some visitor ... and nothing more**.
> "Well, no, it is a police officer on a mission to follow up on a tip, search the house, and arrest me if he finds what he hopes to find."
>
> **"... Take thy form from off my door!  Quoth the Raven, "Nevermore."**
> "Well, I agree Raven," Detective Elkdreamer said, "I can stay here and get a warrant or you can tell me what is going on."

16      The consent obtained was coerced and/or involuntary.

## CONCLUSION

18      It is the recommendation of this Court that the District Judge, after his independent
19  review and consideration, enter an Order **GRANTING** Defendant's Motion to Suppress
20  [Doc. 23].
21      Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date
22  of this Report and Recommendation to file written objections to these findings and
23  recommendations with the District Court.  Any objections filed should be filed as CR 12-
24  02518-TUC-RCC.  No Replies shall be filed unless leave is granted from the District Court.
25      DATED this 8th day of February, 2013.

_____
Bernardo P. Velasco
United States Magistrate Judge